UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**POLICE JURY OF BEAUREGARD PARISH**              **CASE NO. 2:22-CV-02784**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**AMGUARD INSURANCE CO**                          **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the Court is a "Motion to Invoke Appraisal and Stay Proceedings Pending Appraisal" (Doc. 7) filed by Defendant Amguard Insurance Company ("AmGuard").

## INTRODUCTION

On or about August 27, 2020, and October 9, 202, Hurricanes Laura and Delta made landfall in Southwest Louisiana allegedly causing significant damage to properties owned by Plaintiff, Beauregard Parish Police Jury ("BPPJ").[1] During the relevant time period, AmGuard insured the properties. BPPJ made a claim for damages but alleges that AmGuard undervalued its losses and made untimely payments. AmGuard filed this lawsuit on August 17, 2022.

## LAW AND ANALYSIS

AmGuard moves for an order staying this action and compelling BPPJ to participate in the contractually mandated appraisal process. The policy provides the following appraisal clause:

---

[1] Complaint, Doc. 1, ¶ 4.

> G. The Appraisal Loss Condition is replaced by the following unless Paragraph H. applies:
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party. Each party will:
>
> a. Pay its chosen appraiser; and b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.[2]

Appraisal provisions in insurance policies are generally valid and enforceable under Louisiana law. *See, e.g., Dore v. Shelter Mut. Ins. Co.*, 2013 WL 5915141 at * 3 (La. App. 1 Cir. 11/1/13); *So. Fid. Ins. Co. v. Martin*, 2014 WL 12719622 at * 2 (E.D. La. Jan. 3, 2014). "Like any other contract term, the appraisal provision may be waived by conduct inconsistent with invocation of the provision." *Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co.,* 565 F.3d 284, 287 (5th Cir. 2009). The appropriate waiver inquiry generally focuses on whether appraisal was timely invoked. *Id.* at 288.

As for the timeliness, when the appraisal provision does not name a specific time period, appraisal must be invoked within a "reasonable time after a dispute as to the amount of loss arises." *Marquette v. So. Fidelity Ins. Co.*, 2015 WL 13529953 (E.D. La. May 19, 2015). This time begins to run when the insurer "had sufficient information to act on the claim, either by compensating plaintiffs under the policy or disputing the claim via the

---

[2] Plaintiff's exhibit A-1, p. 74.

appraisal process." *Nguyen v. St. Paul Travelers Ins. Co.*, 2007 WL 1672504 (E.D. La. Jun. 6, 2007). This information may take several forms, including repair estimates, settlement demands, and inventory lists. *Marquette*, 2015 WL 13529953 at *3 (collecting cases).

The Louisiana Supreme Court held in *Sevier v. U.S. Fidelity & Guar. Co.*, (La. 11/24/86); 497 So.2d 1380, 1384 that the failure of an insurance company to make a demand for appraisal within 60 days of satisfactory proof of loss was untimely, "and that plaintiff was therefore not required to submit to the demanded appraisal procedure."

Proof of loss is "that point in time when the insurer has adequate knowledge of the loss." *Cotton Bros. Banking Co. v. Indus. Risk Insurers*, 941 F.2d 380, 386 (5th Cir.1991) (citing *Hart v. Allstate Ins. Co.,* 437 So.2d 823 (La.1983). Furthermore, "'proof of loss' is a flexible requirement to advise the insurer of the facts of the claim." *Austin v. Parker,* 672 F.2d 508, 520 (5th Cir.1982). Additionally, the "proof of loss is not required to be in any formal style." *Sevier*, 497 So. 2d at 1384. In other words, "[s]o long as [the insurer] receives enough information, the manner in which [the insurer] obtains the information is immaterial." *Austin,* 672 F.2d at 520.

AmGuard invoked the appraisal process on March 10, 2023. BPPJ argues that AmGuard has waived its right to appraisal because it is untimely. BPPJ asserts that on August 2, 2022, BPPJ sent a comprehensive report and photo reports to AmGuard, which it argues constitutes sufficient satisfactory proof of loss. Thus, over 7 months lapsed from the time the report and photos were sent, before AmGuard invoked the appraisal process. More significantly, the damage caused by the Hurricanes occurred over 2 ½ years ago, and

as previously noted, BPPJ filed suit on August 17, 2022. Therefore, under *Sevier*, BPPJ is not required to submit to Allied Trust's untimely demanded appraisal. Accordingly,

**IT IS ORDERED** that the Motion to Invoke Appraisal and Stay Proceedings Pending Appraisal (Doc. 7) filed by Defendant Amguard Insurance Company is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 29th day of March 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**