

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **POLICE JURY OF BEAUREGARD PARISH** | : | **CIVIL ACTION NO.  2:22-CV-02784** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE CO** | : | **MAGISTRATE JUDGE KAY** |

**Scheduling Order**
**for Jury Trial**

District Judge James D. Cain, Jr. and Magistrate Judge Kathleen Kay welcome you to the Lake Charles Division of the Western District of Louisiana. If you have any questions about the rules or deadlines fixed by this order or otherwise wish to contact chambers, you may reach Judge Cain's chambers by calling 337-493-2200, faxing 337-437-3969, or using the staff emails provided on his page at www.lawd.uscourts.gov. You may also reach Magistrate Judge Kay by calling 337-437-3874, faxing 337-437-8264, or emailing Kathleen_Kay@lawd.uscourts.gov. Either can be reached at mailing address 611 Broad Street, Room 209, Lake Charles, LA 70601. You are to proceed as indicated in this Scheduling Order according to the deadlines set forth herein and in the Electronic Scheduling Order to which this is linked unless and until you are ordered to do otherwise.

See Judge Cain's Standing Orders on his page at www.lawd.uscourts.gov. Regarding a Motion for Extension of a Deadline, the Order states as follows:

**IT IS HEREBY ORDERED** that effective immediately, a motion for extension of a deadline in any matter pending before the undersigned shall be filed at least two (2) business days prior to the deadline.  The moving party shall provide the undersigned the specific reasons justifying the extension, even if the motion is unopposed. No request for extension filed in violation of this order will be granted absent a showing of exigent circumstances.

I.    **This ORDER supersedes any and all prior scheduling orders in this case.**

This order is issued in conjunction with and as an Addendum to the Scheduling Order to which it is attached and is intended to provide further clarification of the deadlines set forth therein.

## II.   **Schedule and Deadlines:**

Your trial is set for April 22, 2024 at 9 a.m.  Your pretrial conference is set before the District Judge in chambers on April 4, 2024 at 10 a.m.  Other deadlines are identified on the Scheduling Order to which this is attached.  When considering those dates, please keep in mind the following:

A.   **Expert Reports**: Plaintiff shall furnish to defendant the names and written reports of any physician (other than a treating physician) or other expert witness plaintiff intends to call on or before January 23, 2024. Defendant shall furnish to plaintiff the names and written reports of any physician or other expert witness defendant intends to call no later than February 7, 2024. **No supplemental reports or additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause.**

A treating physician may opine about diagnosis, prognosis, causation, or the need for future medical treatment without producing a report under Rule 26(a)(2)(B) and without the proponent providing a summary of facts and opinions under Rule 26(a)(2)(C). The brief summary described in the main body of this order satisfies a party's Rule 26 disclosure requirements for treating physicians, so long as it is made within the party's expert report deadline. A witness will not be allowed to testify as a treating physician if he is not timely disclosed, absent leave of court upon a showing of good cause. A party must still qualify a treating physician at trial if the physician will testify to a medical opinion.

B.   **Motions**:

   a.   Motions to amend the pleadings must be filed no later than January 23, 2024 (90 days before trial).
   b.   All dispositive motions must be filed no later than February 22, 2024 (60 days before trial).
   c.   Motions to compel discovery, *Daubert* motions and motions *in limine* shall be filed no later than March 25, 2024 (30 days before trial).

Parties may seek leave of court to file these motions untimely, and the request may be granted upon a showing of good cause.  Oral argument on motions is not automatic.  Parties may ask the court to entertain oral argument and the court may set oral argument on motion or *sua sponte* at its discretion.

C.   **Discovery:**  Although the court sets no specific deadline for completion of discovery, the parties will note that Motions to Compel must be filed no later than March 25, 2024 (30 days before trial) absent leave of court. The court will not grant a Motion to Compel discovery that is not due at the time the motion is filed or that is not in a proper procedural posture to be filed; accordingly, parties must seek written discovery allowing adequate time for response and consultation with counsel for alleged inadequate responses. The court will not consider motions for protective orders filed later than March 25, 2024 (28 days before trial).

D.  **Pretrial Statements:** Each party's pretrial statement is due not later than March 25, 2024 (28 days before trial).  Please use Judge Cain's "Pretrial Statement" form found on the court's website at www.lawd.uscourts.gov. Pretrial Statements are to include Exhibit Lists as set forth in subparagraph F. below.

E.  **Witness Lists:** Each party's pretrial statement shall identify all witnesses. "Will call" witnesses (as opposed to those a party *may* call) must be particularly identified. The identity of these witnesses must have been disclosed to the other side during discovery or in a party's Rule 26 disclosure. The Court will not permit a party to call witnesses first disclosed in the pretrial statement. ***Impeachment witnesses need not be identified on the witness list.***

F.  **Exhibit Lists:**  Each party's pretrial statement shall include a list of exhibits and copies of those exhibits are to be produced to opposing counsel if they have not already been produced.  Exhibits not listed will be excluded from trial absent good cause shown and lack of prejudice to opposing parties. Except for demonstrative exhibits, all exhibits listed should have already been disclosed during discovery or in the parties' Rule 26 disclosures.

G.  **Jury Charges/Verdict Form:**  On or before April 8, 2024 (14 days before trial) counsel shall file in CM/ECF, as well as forward to chambers, proposed jury instructions and a proposed verdict form.  Proposed instruction shall be supported by a memorandum of supporting authorities.  Use the most recent 5th Circuit pattern jury charges .

H.  **Exhibits:**  On or before April 15, 2024 (7 days before trial) parties are to provide to the Clerk of Court, in digital format, all exhibits they intend to introduce at trial. Each exhibit is to be named separately and the name shall include the designated exhibit number and a brief explanation of the nature of the exhibit (for example, "P1.OriginalLease").  The PDF so named shall be marked on its face with the appropriate exhibit number and be ready for docketing. Any question related to this requirement should be directed to the courtroom deputy assigned to your matter.

I.  **Real Time glossary:**  On or before April 15, 2024 (7 days before trial), each party should deliver a Real Time glossary to the court reporter to create a job dictionary specific to this case. The glossary should contain all proper names, nicknames, acronyms, technical terms, and cited case law which may be mentioned in this case. In addition to the glossary, you may attach documents which may be helpful in this respect, such as witness lists, expert reports, curriculum vitae, or deposition key word indexes.  Please see an example of a Real Time glossary and suggested attachments on our website at www.lawd.uscourts.gov or contact the court reporter for specific requirements.  This glossary is not to be filed and need not be disclosed to opposing counsel.

III.    **<u>Informal Dispute Resolution:</u>**

The parties are encouraged to contact the court at any time in the process if the parties believe that court intervention would help resolve any dispute, including settlement of the entire proceeding. See Section VIII, "Communicating with the Court," for contact guidelines and information.

IV.    **<u>Status Conference and Pretrial Conference:</u>**

A telephonic status conference is NOT scheduled before the Magistrate Judge.

Your pretrial conference is scheduled before the District Judge on the date designated on the Electronic Scheduling Order to which this is attached. **Lead Counsel is to be present in chambers for that conference**. Please be prepared to discuss procedural questions, evidentiary problems, and any other issues about which the court should be aware and that could assist chambers in preparing your case for trial.

V.    **<u>Continuances:</u>**

A.    **<u>Trial Date:</u>**  Continuing a trial date resets all deadlines established in Section II (above) unless an order stating otherwise is issued. New deadlines are calculated from the new trial date.  Any material previously submitted in compliance with Section II does not need to be duplicated to comply with the new deadlines, unless there is a need to amend or supplement.

B.    **<u>Status Conference and Pretrial Conference:</u>** A trial continuance automatically upsets the Magistrate Judge Status Conference and the pretrial conference dates. These events will be reset by the court with the new trial date.

VI.    **<u>Filing Instructions:</u>**

E-Filing is mandatory in the Western District of Louisiana.  In an emergency, printed materials may be filed with the Clerk of Court's Office in any division of the Western District.

VII.    **<u>Procedure in Selecting Juries:</u>**

Eight (8) jurors will be selected from the venire to serve. The judge will conduct the initial *voir dire*. Counsel will be allowed twenty (20) minutes per side (may be modified in complex cases) to conduct his or her own personal voir dire. Challenges for cause will be made at a bench conference. A venire of sixteen (16) will be submitted for peremptory challenges after challenges for cause. Peremptory challenges will be exercised out of the presence of jury during a recess. The first eight (8) prospective jurors whose names are called and are not challenged will constitute the jury.

**VIII.    Communicating with the Court:**

       Notwithstanding mandatory e-filing here in the Western District of Louisiana, the parties are welcome to contact the Court by telephone, fax, regular or e-mail. All written communication must be copied to opposing counsel and any telephone conference must include all parties involved.

       THUS DONE AND SIGNED in Chambers, the date on which was issued the docket entry to which this is attached.

                                      **JAMES D. CAIN, JR.**
                         **UNITED STATES DISTRICT JUDGE**