UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **POLICE JURY OF BEAUREGARD PARISH** | **CASE NO.  2:22-CV-02784** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMGUARD INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion to Compel and Incorporated Memorandum with Request for Expedited Consideration" (Doc. 14).  In its motion, Plaintiff, Police Jury of Beauregard Parish ("Police Jury") moves to compel, counsel for Amguard Insurance Company ("Amguard") to respond to the Police Jury's Request for Production No. 1 (claims handling manual), 15 (qualification of Amguard representatives), 19 (loss reserves), 21 (underwriting file), 22 (Louisiana Department of Insurance documents), 23 (communications and reinsurance information), and Interrogatory Nos. 12-14 (loss reserves), and 15-16 (reinsurance information). The Police Jury informs the Court that it has a 30(b)(6) Deposition scheduled for July 14, 2023, and requests expedited consideration of the Motion to Compel in order to prepare for that deposition.

The Police Jury also remarks that it has arranged and participated in several Rule 37 conferences with counsel for AmGuard to no avail. The Police Jury asserts that Amguard has refused to provide the relevant information and documents. Finally, the Police Jury moves for attorney fees and costs pursuant to Federal Rule of Civil Procedure article 37(d).

*Police Jury's Request for Production No. 1 (claims handling manual)*

The police jury asserts that it requested the claims handling manual 12 weeks prior to its Motion to Compel, and notes that it has been over one year since this lawsuit was filed. Defendant, who does not object to producing the manual, informs the Court that it has not received the manual, thus, it could produce it. However, in its response to the Motion to Compel, AmGuard informs the Court that the manual has now been produced. As such, this issue is moot.

*Police Jury's Request for Production No.15 (qualification of AmGuard representatives)*

The Police Jury challenges Defendant's objections of vagueness, unduly burdensome, and relevance, in addition to work-product and "other privileges" as to Plaintiff's request for documentation of the qualification of AmGuard representatives. The Police Jury argues that AmGuard has a nondelegable duty to properly adjust and pay its claims, which include the duty to assign workers to the claim who are properly trained and qualified.

AmGuard remarks that to the extent that individuals identified in answers to Interrogatories Nos. 5, 6, and 7, were not employed by AmGuard, defense counsel is doubtful that AmGuard would have any responsive documents in its possession. Additionally, for Louisiana licensed adjusters that handled the claim, that information would be publicly available and accessible by the Police Jury. The Court finds that information that addresses the qualifications of individuals that are unlicensed public adjusters, or individuals employed by AmGuard that were involved in handling the claim, is relevant. Accordingly, AmGuard shall produce to the Police Jury within 7 days of this Order, any information and/or documents as to the qualifications of those individuals

identified in answers to Interrogatories Nos. 5, 6, and 7, who were involved in adjusting the claim and were employed by AmGuard, and/or are not Louisiana licensed adjusters.

*Police Jury's Request for Production No.19 and Interrogatory Nos. 12-14 (loss reserves)*

AmGuard remarks that it had agreed to produce information as to loss reserves yet suggests that the issue is moot. However, AmGuard admits that it has not produced that information, thus, the issue is not moot. Indeed, having managed about 7,000 Hurricane Laura and Delta lawsuits, this Court is acutely aware of how readily accessible reserve information can be found and produced. Amguard shall produce the loss reserve information within 7 days of this Order.

*Police Jury's Request for Production No.21 (underwriting file)*

Here, AmGuard objects to the Police Jury's request suggesting it has no "underwriting file" because it is not an underwriter. AmGuard asserts that it has produced the policy and the endorsements received from the underwriter. AmGuard remarks that "Plaintiff has failed to ask a better question in light of the responsive information it has been given.  If Plaintiff has criteria for what it considers 'underwriting' information that it believes the insurer (GUARD) would have, it should rephrase its question."[1] AmGuard suggests that the Police Jury request the "underwriting file" from the underwriter.

The Court agrees that the Police Jury must request the underwriting file from the underwriters. If AmGuard does not have the underwriting file, then AmGuard shall provide the name of the entity who has the underwriting file within seven (7) days of this Order.

---

[1] Response, p. 10, Doc. 16.

*Police Jury's Request for Production No. 22 (Louisiana Department of Insurance documents)*

The Police Jury has requested that AmGuard produce documents submitted to the Louisiana Department of Insurance. The Police Jury argues that it is requesting this information to determine AmGuard's representations to the Department of Insurance regarding its understanding of what is required to do business in Louisiana to establish its bad faith claim.

The Court finds that this information is irrelevant to the bad faith claims and will deny the Policy Jury's request to compel.

*Police Jury's Request for Production No. 23 and Interrogatories No. 15-16 (communications and reinsurance information)*

The Police Jury informs the Court that initially AmGuard objected to produce information and documents regarding its reinsurance and communication with its reinsurer. However, after counsel for the Police Jury provided relevant law on the issue on June 15, 2023, AmGuard agreed to produce this information, yet has failed to do so. Again, AmGuard suggests that this point is now moot because it agreed to produce this information. The Court is not amused with AmGuard's dilatory tactics here, as well as its pithy remarks regarding its failure to timely produce the requested discovery. AmGuard will fully respond to the Police Jury's request for Production No. 23 and Interrogatories No. 15-16 within 7 days of this Order.

Accordingly, the Court will grant the motion to compel in part and deny it in part.

**IT IS ORDERED** that the Motion to Compel is **GRANTED** to the extent that:

- AmGuard shall produce to the Police Jury within 7 days of this Order, any information and/or documents as to the qualifications of those individuals identified in answers to Interrogatories Nos. 5, 6, and 7, who were involved in adjusting the claim and were employed by AmGuard, and/or are not Louisiana licensed adjusters;

- Amguard shall produce the loss reserve information within 7 days of this Order;

- AmGuard shall provide the name of the entity who has the underwriting file within seven (7) days of this Order;

- AmGuard will fully respond to the Police Jury's request for Production No. 23 and Interrogatories No. 15-16 within 7 days of this Order;

- otherwise, the Motion to Compel is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for expedited consideration is **GRANTED**, and the Motion for Attorney fees and costs is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 14th day of July, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**